EL PUEBLO, DEMANDANTE Y APELADO, *v.* COLLAZO, ACUSADO
Y APELANTE.

No. 1981.—*Visto:* Junio 14, 1924.   *Resuelto:* Julio 23, 1924.

AUTO DE ERROR—TRASLADO DE LA CAUSA A OTRO DISTRITO—CUESTIÓN NO FEDERAL.
—El derecho al traslado de una causa a otro distrito no dimana de la Cons-
titución ni del Congreso de los Estados Unidos, por lo que la negativa del
traslado no envuelve una cuestión federal que pueda invocarse para llevar el
caso por auto de error ante la Corte Suprema Nacional.

Las decisiones del juez de turno Sr. Franco en los casos de *El Pueblo*
v. *Ibern* y *El Pueblo* v. *Gracia,* resueltos en agosto 13, 1923, examinados y
aprobados.

ID.—ENMIENDA SEXTA A LA CONSTITUCIÓN—DERECHO A UN JUICIO JUSTO E IM-
PARCIAL—CUESTIÓN NO FEDERAL.—La enmienda sexta a la Constitución, en
tanto se refiere a la cuestión suscitada, no es de aplicación en Puerto Rico
sino su equivalente la sección 2 del Bill Jones.   Por tanto, la cuestión de
un juicio justo e imparcial es asunto para la consideración de esta corte
y no es de carácter federal.

SOLICITUD de auto de error para ante la Corte Suprema de los Esta-
dos Unidos.   *Denegado.*

*J. B. Soto,* abogado del apelante; *José E. Figueras, Fiscal,* abogado
del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Esta corte confirmó la sentencia dictada por la Corte de Distrito de Aguadilla. Al acusado y apelante se le imputó la comisión de un delito de asesinato y fué declarado culpable de homicidio voluntario. Ahora solicita se le admita un recurso de error para ante la Corte Suprema de los Estados Unidos y alega una violación de sus derechos como están garantizados por la sexta enmienda a la Constitución de los Estados Unidos.

Asumiendo que la sexta enmienda sea aplicable a Puerto Rico, la cuestión principal a la cual se nos llama la atención es que la corte inferior declaró sin lugar una moción de traslado, solicitándose éste basado en una alegación de prejuicio local. El derecho a un traslado no lo confiere la ley orgánica ni ninguna ley del Congreso. El derecho emana de la legislatura local. La enmienda sexta invocada prescribe lo siguiente:

"Artículo 6.—En todas las causas criminales el acusado tendrá derecho a ser juzgado pronta y públicamente por un jurado imparcial del Estado y distrito donde se hubiera cometido el delito, cuyo distrito será el previamente reconocido por la ley; también se le informará de la naturaleza y causa de la acusación; se le careará con los testigos que declaren en contra suya; podrá obtener providencias compulsorias para conseguir testigos en su favor y tener un abogado que lo defienda."

Parece ser consecuencia inevitable que no demostrándose que el acusado en realidad no tuvo un juicio justo e imparcial, la mera negativa de la corte a ordenar el traslado, a causa de un alegado prejuicio local, no envuelve una cuestión federal. Por el contrario, la enmienda sexta garantiza más particularmente a un acusado un juicio en el distrito donde el delito fué cometido. En el caso de *Fajardo* v. *Soto Nussa, Juez de Distrito,* 23 D.P.R. 77, el derecho constitucional de la legislatura para ordenar un traslado fué puesto en duda y resuelto afirmativamente por esta corte.

Prescindiendo de la cuestión relativa al traslado, se nos presenta la cuestión de si el apelante hizo tal demostración de prejuicio u otro elemento indebido que el caso quedara fuera del dominio de un error corriente y cayera dentro de la esfera donde se le negó un juicio justo e imparcial, de tal modo que constituya una violación de la enmienda sexta. Si en un caso determinado se dirige la atención a cualquier supuesto error y la corte de apelación debía revocar por ese fundamento, podría alegarse que el acusado no tuvo un juicio justo e imparcial. Entendemos, sin embargo, que la enmienda sexta no se refiere a casos en los cuales las cortes de apelación han sido falibles, sino a aquellos donde el error trasciende a la falibilidad corriente a la cual estamos sujetos. Ahora parece conveniente manifestar que podríamos habernos evitado un gran trabajo si inmediatamente hubiéramos resuelto todas las dudas en favor del apelante, pero creímos que estábamos en el deber para con el Pueblo de Puerto Rico de que sus sentencias no fueran demoradas por apelaciones que esencialmente no proceden. Generalmente la clase de prejuicio local que da lugar a un juicio injusto se manifiesta aún en el momento del juicio, o ha habido un verdadero clamor público, o un movimiento violento contra el acusado o alguna otra demostración pública y notoria. Nada de esto ocurrió aquí.

Por el contrario los autos no demuestran signo alguno de un juicio injusto que no sea el *affidavit* de Font al cual se refiere nuestra opinión principal. Ampliando nuestro razonamiento en cuanto a esto podemos agregar que en la fecha del interrogatorio de los propuestos jurados en este caso el acusado había abandonado su teoría de prejuicio local o dejado de pretender probarla en su interrogatorio a los jurados. Los autos no revelan que ningún propuesto jurado confesó tener algún prejuicio o que algún jurado debía ser excusado o recusado por tal motivo. No se trató absolutamente de demostrar prejuicio local u otro elemento indebido que no fuera el expresado en los *affidavits* que acompañan

a la moción de traslado. Tenemos derecho a asumir, en vista de los autos, que al ser llamado el caso para juicio no existía ningún prejuicio significativo. *De non apparentibus et de non existentibus eadem est ratio.*

A falta de alguna demostración, la presunción de no existir ningún prejuicio se extiende al jurado a quien el declarante Font se refiere. Si cuando él habló a Font el jurado tenía prejuicio debe presumirse que desapareció al momento del juicio. Hubo oportunidad para examinar al jurado y probar su prejuicio y la presunción después del juicio llegaría hasta el hecho de que el acusado en realidad examinó al jurado sobre su *voir dire.* No existe la más simple demostración o sugestión por otra parte de que algún jurado que intervino en el caso realmente tuviera prejuicio.

Fuera de la suposición de que cualquier clase de error podría levantar una cuestión federal, en este caso no se levantó ninguna, y la jurisprudencia de esta corte invocada en los casos de *Pueblo v. Ibern,* 31 D.P.R. 917, y *Pueblo v. Gracia,* 31 D.P.R. 910, es aplicable.

Sin embargo, no creemos que en la forma en que se pretende la enmienda sexta sea aplicable a Puerto Rico. La sección 2 de nuestra ley orgánica dice en parte lo que sigue:

"Sec. 2.—En todos los procesos criminales el acusado gozará del derecho de tener para su defensa la ayuda de abogado; de ser informado de la naturaleza y causa de la acusación; de obtener copia de la misma; de tener un juicio rápido y público; de carearse con los testigos de cargo y de usar de medios compulsorios para conseguir testigos a su favor."

El Congreso ha hecho que un precepto legal local sea aplicable a Puerto Rico y de acuerdo con las decisiones de los casos de *People v. Muratti,* 245 U.S. 639, y *People v. Balzac,* 258 U.S. 298, la enmienda sexta como tal no es aplicable aunque sí lo es su equivalente en la ley orgánica. Por tanto, la cuestión de un juicio justo e imparcial es asunto para la consideración de esta corte y no envuelve ninguna cuestión federal. Como complemento a esto el Congreso ha

—conferido al acusado el derecho de acudir a la Corte Suprema de los Estados Unidos mediante certiorari. Sección 246 del Código Judicial como fué enmendada por la ley de enero 28 de 1915 y continuada en vigor por la ley orgánica, sección 43.

*La solicitud debe ser denegada.*

El Juez Asociado Sr. Hutchison estuvo conforme con el resultado.